** E-filed January 4, 2010 **

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

WACHOVIA MORTGAGE FSB,

       Plaintiff,

   v.

ANTHONY V. GUANCIONE III, R.
AUBREÉ GUANCIONE, and WILLIAM
BULLOCK STEWART III,

       Defendants.

_____/

No. C09-06029 HRL

**ORDER THAT CASE BE
REASSIGNED TO A DISTRICT
COURT JUDGE**

**REPORT AND RECOMMENDATION**

**[Re: Docket Nos. 5–7]**

Pro se defendants Anthony Guancione III, R. Aubreé Guancione, and William Stewart III removed this case from Santa Clara County Superior Court and also filed new counterclaims and individual requests to proceed in forma pauperis. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff Wachovia Mortgage FSB filed this unlawful detainer action on November 12, 2009 in Santa Clara County Superior Court. According to the complaint, in September 2009, Stewart signed a six-month lease agreement to rent the subject property from the Guanciones for $1471 per month. It appears that shortly thereafter, plaintiff acquired the property, but no rent was paid to it as the successor in interest to the rental agreement. Plaintiff served defendants with a three-day notice to pay rent or quit and then filed this unlawful detainer action when defendants failed to do so. (Docket No. 4, at 11–15.)

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

In this case, defendants primarily assert that removal is proper under federal question jurisdiction. Federal courts have original jurisdiction over civil actions "rising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* at 1273 (holding that "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance").

In this case, defendants raise numerous reasons why they satisfy federal question jurisdiction, including that plaintiff has violated their due process and civil rights and that plaintiff has no right to the subject property because defendants have a "land patent" for it under the Treaty of Guadalupe Hidalgo, which ended the Mexican-American War. They also make the conclusory assertion that their counterclaims, seeking a multi-million dollar payment, are based in admiralty law. Despite the dubious nature of defendants' assertions,[1] none of them can provide this court with federal question jurisdiction. The plaintiff's complaint clearly states only a cause of action for unlawful detainer; it does not make any federal claims whatsoever. Accordingly, defendants have failed to show that removal is proper on account of any federal substantive law.

---

[1] Defendant R. Aubreé Guancione raised similar assertions in a complaint she filed in October 2009 against plaintiff's Chief Executive Officer, amongst others. Her complaint was dismissed for failure to "set forth any facts that would support a cognizable federal claim or any likelihood of success on the merits." *Guancione v. Stumpf*, No. 09-04684 JF (N.D. Cal. Oct. 2, 2009).

Yet defendants also assert that removal is proper based on diversity of citizenship. Federal jurisdiction based on diversity requires not only citizens of different states, but also that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Defendants do not indicate plaintiff's citizenship, but do note that they are citizens of California.[2] Furthermore, a review of the complaint shows that it specifies that the "amount demanded does not exceed $10,000.00." (Docket No. 4, at 12.) Plaintiff only seeks forfeiture of the rental agreement, past-due rent of $1471.00, and damages of $49.03 per day from December 1, 2009 to the date of entry of judgment. (*Id.* at 13.) Consequently, it is apparent from the face of the complaint that it also fails to meet this court's jurisdictional requirement under § 1332(a), and this court lacks subject-matter jurisdiction.

Because defendants have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly assigned judge (1) summarily remand the case to Santa Clara County Superior Court; and (2) deny as moot, without prejudice, defendants' applications to proceed in forma pauperis. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: January 4, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] As local defendants, it would appear that the defendants do not have the right to remove this action to federal court. 28 U.S.C. § 1441(b) (stating that an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). However, as a procedural requirement, a federal court cannot remand sua sponte on this basis. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

1  **C 09-06029 Notice will be sent by alternative means to:**

2  Scott Michael Harris
   Harris, Rosales & Harris
3  351 St. Mary Street
   Pleasanton, CA 94566-6648

4
   Anthony Guancione III
5  POB 641641
   San Jose, CA 95164

6
   R. Aubreé Guancione
7  POB 641641
   San Jose, CA 95164

8
   William Bullock Stewart III
9  POB 694
   San Jose, CA 95106

10

11
   **Counsel are responsible for distributing copies of this document to co-counsel who have not**
12 **registered for e-filing under the court's CM/ECF program.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28